**[Cite as *State v. Gilree*, 2026-Ohio-3026.]**

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 115981 |
| v. | : | |
| DELONTA GILREE, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** REVERSED; VACATED; AND REMANDED
**RELEASED AND JOURNALIZED:** July 31, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-704375-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Elissa Hopson, Assistant Prosecuting Attorney, *for appellee.*

Michael P. Dunham, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Delonta Gilree ("Gilree") appeals his conviction from the Cuyahoga County Court of Common Pleas. He raises the following assignments of error for review:

**Assignment of Error I:** The trial court erred in accepting [Gilree's] plea because the plea was not made in a knowing, voluntary, and intelligent manner, and, contrary to law, in violation of his rights of due process of law and a fair trial under US Con. Amend. V, US Con. Amend. VI, US Con. Amend. XIV, Ohio Con. Art. I.

**Assignment of Error II:** The trial court erred in sentencing [Gilree] to a maximum sentence in violation of the presumption of probation and against a maximum sentence, and, his right to be free from cruel and unusual punishment in violation of US Con. Amend. VIII, Ohio Con. Art. I, ORC 2929.11, ORC 2929.12, ORC 2929.13, and ORC 2929.14.

**Assignment of Error III:** [Gilree] was denied his right to effective assistance of counsel under the US Constitution Amend. VI, US Con. Amend XIV, and, Ohio Con. Art. I.

{¶ 2} For the reasons set forth below, we reverse the trial court's judgment, vacate the plea, and remand the case to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 3} In August 2025, Gilree was indicted with two counts of menacing by stalking in violation of R.C. 2903.211(A), a felony of the fourth degree, stemming from allegations that Gilree repeatedly threatened and harassed the manager at a Burlington Coat Factory in Euclid, Ohio when Gilree's application for employment was denied.

{¶ 4} After several pretrials, Gilree pled guilty to an amended count of attempted menacing by stalking, a felony of the fifth degree, with an agreed recommendation of probation.

{¶ 5} In December 2025, the trial court sentenced Gilree to the maximum sentence of 12 months in prison and a discretionary term of up to two years of

postrelease control.  Gilree was given 105 days of jail-time credit and ordered to pay court costs.

{¶ 6} Gilree filed a timely notice of appeal.

## II.  Law and Analysis

{¶ 7} In Gilree's first assignment of error, he alleges, among other things, that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to inform Gilree that the trial court was not bound by the jointly recommended sentence of probation.  The State counters that Gilree was properly informed of his constitutional rights, as well as the possible penalties.  Therefore, the State argues Gilree's plea was knowingly, intelligently, and voluntarily made.

{¶ 8} A guilty plea involves a waiver of constitutional rights; therefore, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary. *State v. Jordan*, 2024-Ohio-2361, ¶ 19 (8th Dist.), citing *State v. Dangler*, 2020-Ohio-2765, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29 (1992).  When a plea is not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional. *Dangler* at ¶ 10.

{¶ 9} Indeed, "Crim.R. 11 requires that the defendant be fully aware of the potential consequences of his plea." *Jordan* at ¶ 21.  Furthermore, "'"[w]here a sentence recommendation is an integral part of a plea agreement, the failure to inform the defendant of potential changes may result in a plea that was not entered into knowingly, voluntarily, or intelligently."'" *Id.,* quoting *State v. Dunbar*, 2007-

Ohio-3261, ¶ 139 (8th Dist.), quoting *State v. Allgood*, 1991 Ohio App. LEXIS 2972, *9 (9th Dist. June 19, 1991).

{¶ 10} We recognize that a trial court is vested with discretion when implementing plea agreements and is not obligated to follow the negotiated plea entered into between the State and the defendant. *Id.* at ¶ 22, citing *State v. Orlando*, 2013-Ohio-2335, ¶ 14 (8th Dist.). "'However, before the trial court imposes a longer prison sentence than what is recommended in the plea agreement, due process requires the trial court to put the defendant on notice of that possibility before accepting the guilty plea.'" *Id.*, quoting *State v. Williams*, 2017-Ohio-2662, ¶ 4 (8th Dist.). Therefore, "[w]hen a trial court decides not to impose the agreed, recommended sentence, it should clearly advise a defendant of its intentions, and allow the defendant to reconsider his plea." *Id.* at ¶ 30; *State v. Swortchek*, 2020-Ohio-2831, ¶ 25 (8th Dist.), citing *Dunbar*, at ¶ 140, citing *Allgood*, at *10.

{¶ 11} In this case, the trial court stated:

> I've spoken to counsel in chambers. There's a plea agreement where [Gilree] will plead guilty to attempted menacing by stalking, amended Count 1 to a fifth degree felony, and there will be recommended probation.

(Tr. 3.) The trial court then addressed Gilree directly, confirming, inter alia, the plea agreement, his understanding of the plea, whether any threats or promises had been made, and if he was satisfied with his attorney. Gilree answered each question in the affirmative. The trial court then described the constitutional rights Gilree was waiving by accepting the plea and explained that he "face[d] a potential 6 to 12

months in prison and a fine of up to $2,500." (Tr. 6.) Gilree confirmed that he understood the potential penalties. At the end of the plea colloquy, Gilree pled guilty.

{¶ 12} Missing from the plea colloquy, however, was any mention of the fact that the trial court was not bound by the recommendation of probation. Then at sentencing, the trial court sentenced Gilree to the maximum sentence of 12 months in prison. Again, the trial court did not advise Gilree of its intentions to not impose the agreed recommended sentence of probation. Nor did the trial court give Gilree an opportunity to reconsider his plea in light of the trial court's decision not to follow the agreed recommended sentence.

{¶ 13} When an agreed recommended sentence forms the basis of the plea, the sentence itself is part of the quid pro quo for the agreed plea. *Jordan*, 2024-Ohio-2361, at ¶ 27 (8th Dist.). "'Although the trial judge is free to accept or reject that agreement, it is incumbent upon the court to do so expressly. To hold otherwise creates a false expectation in the mind of the defendant over the underlying nature of the plea agreement.'" *Id.,* quoting *State v. Huffman*, 2018-Ohio-1192, ¶ 20 (8th Dist.). The overall concern is "'"whether the defendant "had a reasonable expectation that the trial court would implement the agreed sentence."'" *Id*., quoting *State v. Lumbus*, 2013-Ohio-4592, ¶ 39 (8th Dist.), quoting Dunbar, 2007-Ohio-3261, at ¶ 129 (8th Dist.).

{¶ 14} Based on the record before this court, we find that Gilree had a reasonable expectation that the trial court would implement the agreed

recommended sentence of probation. When there is a joint recommendation of probation, due process requires that a defendant be advised that the trial court is not bound by the joint recommendation. Therefore, we find that the trial court erred when it did not advise Gilree that the trial court was not bound by the agreed recommendation of probation before accepting Gilree's guilty plea. As a result, we find that Gilree's plea was not knowingly, intelligently, or voluntarily entered.

{¶ 15} Accordingly, Gilree's first assignment of error is sustained.

{¶ 16} Having found merit to Gilree's first assignment of error, his remaining assignments of error regarding the imposition of a maximum sentence and ineffective assistance of trial counsel are hereby rendered moot. *See* App.R. 12(A)(1)(c).

{¶ 17} The trial court's judgment is reversed, Gilree's plea is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

{¶ 18} Judgment reversed, vacated, and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR